LINK: 41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07996 GAF-JCGx | Date | October 17, 2014 |
|---|---|---|---|
| Title | Felipe Rodriguez, Jr. v. Southern California Edison Company, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**         **(In Chambers)**

### ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S 1,680-PAGE OPPOSITION SEPARATE STATEMENT

On October 15, 2014, Defendant Southern California Edison Company filed an *Ex Parte* Application to strike Plaintiff Felipe Rodriguez, Jr.'s 1,680-page opposition separate statement. (Docket No. 41.)  Plaintiff opposed on October 16.  (Docket No. 43.)  The Court finds the matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

Defendant requests that the Court strike Plaintiff's opposition separate statement because it contains argument and does not identify the specific items of evidence or testimony necessary to controvert each undisputed fact.  Plaintiff responds that the length of the opposition separate statement was necessary to respond to Defendant's undisputed facts, and that the responses are neither argumentative nor unsupported by citation to evidence.

The Court has reviewed the 1,680-page opposition separate statement, which fails to comply with the Local Rules and this Court's Scheduling and Case Management Order ("CMO"). (Docket No. 38.)  Local Rule 56-2 requires the opposition separate statement be "a *concise* 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated."  This Court's CMO specifically states that "**[n]o argument should be set forth in this document**" and that the parties should not submit "any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact."  (Docket No. 12 at 5-6) (emphasis in original).

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07996 GAF-JCGx | Date | October 17, 2014 |
|---|---|---|---|
| Title | Felipe Rodriguez, Jr. v. Southern California Edison Company, et al. | | |

By way of example, the first fact that Plaintiff disputes – Fact No. 8 – states:

> The SOFD maintains policies, procedures and operating guidelines. These policies, procedures and operating guidelines are designed not only to protect the public and worker's safety but also designed to ensure compliance with California law governing the operation of fire departments.

(Docket No. 38 at 4.) Plaintiff's response to this fact in the opposition separate statement is over 7 pages long and includes non-responsive arguments, such as:

> Additionally, Defendants' protests that "compliance with California law" regarding ambulance certification is a pretext, since the evidence on this case shows (1) another SONGS firefighter, Geoff Harvey, not only had no ambulance certification, he had no valid California Driver's license for weeks before a CHP inspection/audit in March of 2012 since his license had been suspended as of February 24, 2012, and yet he continued driving SONGS ambulances and firefighter vehicles beyond May 1, 2012 and was not terminated and instead was given a 3-day suspension[.]"

Id. at 4-5. This tirade over whether another firefighter had an ambulance certification is plainly non-responsive to whether or not the SOFD maintains policies, procedures and operating guidelines, and what those guidelines are designed to do. Moreover, Plaintiff appears to copy-and-paste the same 7-page "response" to numerous facts in violation of the Court's CMO, which prohibits evidence other than that necessary to dispute the purported fact. See, e.g., Fact Nos. 9-20. The opposition separate statement is wrought with similar examples of "responses" that have nothing to do with the fact at issue.

As a practical matter, it is entirely unclear why Plaintiff would want the Court to review such an unwieldy separate statement. The tactic of throwing in "everything but the kitchen sink" is inherently risky because it is increases the chance that Plaintiff's most persuasive evidence could become lost in the morass of non-responsive and improper argument. It is not the Court's job to sift through Plaintiff's undifferentiated "response" in search of an actual disputed fact. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

**LINK: 41**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07996 GAF-JCGx | Date | October 17, 2014 |
|---|---|---|---|
| Title | Felipe Rodriguez, Jr. v. Southern California Edison Company, et al. | | |

    In addition, if it is indeed the case that the same 78 facts apply to all three claims (a fact that the parties should be able to confirm amongst themselves), there is no need for the parties to include three identical series of the same purported facts/responses in the separate statements. A simple explanation that the same 78 purported facts and responses apply to all three claims would suffice.

    Accordingly, the Court **GRANTS** Defendant's *ex parte* application and **STRIKES** Plaintiff's opposition separate statement. Plaintiff shall file a revised opposition separate statement that complies with the Local Rules and this Court's CMO **no later than Wednesday, October 22, 2014**. Defendant's reply brief and supporting documents shall be filed **no later than Monday, October 27, 2014**.

    The Court **CONTINUES** the hearing on Defendant's motion for summary judgment to **November 10, 2014 at 9:30 a.m.**

    **IT IS SO ORDERED**.